# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ROY ALLEN SHOSTAK,<br><br>    Defendant. | CR 21-02-H-BMM<br><br>**ORDER** |

## INTRODUCTION

Defendant Roy Allen Shostak ("Shostak") moves the Court to suppress information obtained from the search of his vehicle and two cellular phones. (Doc. 15 at 5). Shostak argues that the search warrants at issue violate the Fourth Amendment for lack of probable cause. (Doc. 15 at 5). The record reflects no defects in the search warrants as issued. The evidence obtained from law enforcement's search of Shostak's vehicle and cellular phones proves properly admissible at trial. The Court will deny Shostak's Motion to Suppress as it relates to the search warrants and information discovered during the subsequent searches. (Doc. 15 at 2-4).

## DISCUSSION

**I.  Whether the search warrant issued for Shostak's vehicle was valid.**

Shostak's motion hinges on whether the search warrant that authorized the initial search of Shostak's vehicle satisfied the Fourth Amendment of the United States Constitution. The Fourth Amendment requires specificity in a warrant. *United States v. Towne*, 997 F.2d 537, 544 (9th Cir. 1993). A specificity determination takes the following two aspects into account: (1) whether the warrant "clearly state[s] what is sought" with particularity, *In re Grand Jury Subpoenas Dated Dec. 10, 1987*, 926 F.2d 847, 856 (9th Cir. 1991); and (2) whether the warrant's breadth proves limited to the probable cause upon which the warrant is based, *see Towne*, 997 F.2d at 544.

Shostak contends that the warrant issued for the search of his black Jaguar car lacked probable cause. (Doc. 15). The search warrant application briefly refers to information provided to law enforcement by a confidential informant. (*Id.* at 2–4). Shostak argues that law enforcement's failure to include verifying information about the confidential informant renders the entire search warrant invalid under the Fourth Amendment. (*Id.* at 7 (citing *United States v. Reeves*, 210 F.3d 1041, 1045 (9th Cir. 2000); *United States v. Bishop*, 264 F.3d 919, 925 (9th Cir. 2001); and *United States v. Angulo-Lopez*, 791 F.2d 1394, 1397 (9th Cir. 1986))). Shostak

ignores the other evidence used by law enforcement in support of the search warrant application.

Whether probable cause exists depends on the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 230 (1983). A "totality of the circumstances" analysis requires a neutral, detached magistrate's "common sense determination" that a fair probability exists that law enforcement will find contraband or evidence of a crime in a particular place. *United States v. Mendonsa*, 989 F.2d 366, 368 (9th Cir. 1993). "An anonymous tip, without more, does not constitute probable cause." *Id.* (citing *Gates*, 462 U.S. at 227). In *Gates*, 462 U.S. 213, 244–46 (1983), the United States Supreme Court held that an anonymous letter, together with law enforcement's independent corroboration of the letter's predicted activity, established probable cause. *See Mendonsa*, 989 F.2d at 368. The Ninth Circuit later determined in *United States v. Alvarez*, 899 F.2d 833 (9th Cir. 1990), that an anonymous phone tip predicting a defendant's activities, together with law enforcement's corroboration of those activities, proved sufficient to establish probable cause. *See Mendonsa*, 989 F.2d at 368.

The search warrant application that Shostak challenges included the following factual information to establish probable cause to conduct the search: (1) information provided by a confidential source that Shostak was driving a black Jaguar car and was selling drugs at Trailer # 65 at 2995 Prospect Ave, Helena, MT;

3

(2) that Shostak had absconded from probation; (3) that Shostak was observed by law enforcement at Trailer # 65 associating with known drug users; (4) that Shostak was seen placing items in a black Jaguar car at Trailer # 65; (5) that law enforcement observed, in plain view, drug paraphernalia in the front seat of the black Jaguar while it was parked at Trailer #65; and (6) that the registered owner of the black Jaguar told law enforcement he recently had sold the car to Shostak. (Docs. 15-1; 20 at 11).

The warrant application indicates that a confidential informant alerted law enforcement to Shostak's possible drug activity, the location of that activity, and a description of his vehicle. (Doc. 15-1 at 2). The warrant application also details additional steps that law enforcement took to verify the information provided by the confidential informant. *See* (Doc. 15-1). Those steps included law enforcement's observation of Shostak driving a black Jaguar car, verification of Shostak's recent purchase of a black Jaguar car, Shostak's presence at Trailer #65, Shostak's association with known drug users at both Trailer # 65 and the surrounding premises, observation of Shostak placing a backpack inside the black Jaguar car, the observation of drug paraphernalia inside the black Jaguar car, and confirmation of Shostak's status as a probation absconder. *Id.* at 4–7. These steps by law enforcement to corroborate the information provided by the confidential informant more than satisfies the requirements of *Gates* and *Alvarez*.

4

Moreover, law enforcement's observation of the drug paraphernalia in the black Jaguar vehicle alone established probable cause that the vehicle contained contraband or evidence of a crime. The search warrant for Shostak's vehicle complied with the Fourth Amendment. Law enforcement later used the evidence gained from execution of this initial valid search warrant to pursue a search warrant for two separate cell phones. Given that the law enforcement officers validly obtained the initial search warrant, the evidence gained as a result of this search proves admissible. The Court will deny Shostak's Motion to Suppress (Doc. 14) as it relates to the search of his vehicle

**II. Whether the Court should suppress statements that Shostak made to law enforcement while in custody.**

Shostak also moved to suppress statements made while in custody. Shostak alleges that those statements were unlawfully obtained without advising Shostak of his *Miranda* rights. (Doc. 15 at 10–14). The Government has agreed not to use these statements in its case-in-chief at trial. (Doc. 20 at 2-3). The Government reserves the right to use the statements, however, during its rebuttal case or during cross-examination if Shostak puts his statements into issue. *Id.* at 3. The Court will grant Shostak's Motion to Suppress (Doc. 14) as it pertains to the statements that Shostak made while in custody. The Court cautions, however, that the Government may argue for introduction of the statements at trial under the circumstances discussed above.

**ORDER**

Accordingly, **IT IS ORDERED** that Shostak's Motion to Suppress (Doc. 14) is **DENIED**, in part, and **GRANTED**, in part.

Dated this 16th day of July, 2021.

                                             Brian Morris, Chief District Judge
                                             United States District Court